## SUPREME COURT.

## BETSEY BERNHARDT, administratrix, &c., agt. RENSSELAER AND SARATOGA RAILROAD COMPANY.

Although the question of *negligence* is never *presumed* against a party, but must be proved, and is therefore a proper question for a jury, yet, when the testimony is clearly such as shows on the part of a plaintiff, negligence contributing to the injury of which he complains, or as shows the absence of negligence on the part of the defendant, the case is one in which a verdict against the defendant ought to be set aside as *against evidence;* and one in which a *non-suit* should prevent the jury from rendering a verdict which must be set aside.

*Albany Special Term, December,* 1859.

THIS action was prosecuted to recover damages for the alleged wrongful killing of Gustavus Bernhardt, by the defend-

ants, in November, 1846, by running a locomotive engine against him in the city of Schenectady, producing injuries of which he died. The defendants by their answer denied all negligence or improper conduct on their part, and claimed that the injuries were occasioned by the negligence of the said Gustavus Bernhardt.

The cause was tried at the Rensselaer circuit, in February, 1859, before Hon. HENRY HOGEBOOM and a jury. At the close of the plaintiff's evidence the defendants' counsel moved for a non-suit upon the grounds—

I. That no negligence on the part of the defendants had been shown.

II. That the evidence showed that the injuries complained of, were occasioned by the carelessness and negligence of the deceased.

III. That the evidence showed that the carelessness and negligence of the deceased, contributed in a material degree to the injuries complained of.

IV. That it did not appear that the plaintiff was without fault in producing the injuries complained of. The court overruled the motion, and the defendants' counsel excepted.

After the close of the testimony, the defendants' counsel renewed his motion for a non-suit, upon the same grounds as above. The court overruled the motion, and the defendants' counsel excepted.

The jury found a verdict for the plaintiff for $4,000 damages.

The defendants moved for a new trial on a case at the Albany special term, December, 1859.

       W. A. BEACH, *for defendants.*
       R. W. PECKHAM, *for plaintiff.*

GOULD, Justice. When the plaintiff rested, &c., the injury and death consequent upon it had been proved; and one witness, *Jacob West*, had testified to the occurrence and its attending circumstances. And as his was *all* the testimony that, up

Bernhardt agt. Rensselaer and Saratoga Railroad Company.

to the plaintiff's resting her case, tended to show negligence on the part of the defendants' servants, it is probably best to give the substance of what he said. The deceased had just arrived in the cars from Albany, and was between two railroad tracks, walking towards the hotel. The day was very windy, and (it being Thanksgiving day) many people were about there; and a military company was out, so near that its music could be heard. The hat of the deceased blew off, and blew across the railroad track east of him. On this track moving very slowly (" as slowly as it could go,") and moving in a southerly direction—not the same direction in which the deceased was walking—as he was moving at least diagonally towards, if not at right angles to this track—was a locomotive engine of the defendants. It was just before this engine came along beside the deceased, that his hat blew off, and the deceased started to pursue it, and in so doing stepped upon the track where the engine was coming, just in time to put his person or his foot (the witness cannot say which), within reach of the cow-catcher of the engine; he was hit, thrown down, his left leg was run over by one wheel or two of the forward truck, the engine was instantly stopped, not having run over five feet after hitting the man, and the man was taken up. He died in about a week, from mortification consequent on the amputation of the leg.

So far certainly, there is nothing to show negligence or fault on the part of the defendants. I think it must be safe to say, that any impartial mind would call the occurrence a mere accident.

The witness adds, I *did not hear* the bell ring before he was caught, I was within eight feet of the engine when it passed me (he being a short distance behind the deceased). I think *my attention was first called to the bell ringing* when I was first taking hold of him (the deceased), to take him up, and this adds to the prior testimony nothing, but that *before* his attention was called to the bell ringing, he did not hear it; showing as much as it shows anything, that his attention was called to

Bernhardt agt. Rensselaer and Saratoga Railroad Company.

the people and the military and music, as much as to his duty as a porter.

He proceeds, "I did not see the engineer on the engine ; the fireman, Anderson, was managing the engine." And, again. "this was about 10 A.M., Anderson was the fireman upon the engine, and had been all that season, *and I had frequently seen him running the engine before.*" The only possible pertinence this can have, is on the claim that there was a *lack of skill or care in the actual* management of the engine ; and were that proved, this witness's own testimony shows that *whoever* managed the engine, it was going very slowly, and was under complete control, and was stopped instantly on the man's being caught; and, besides, this very testimony *proves* Anderson abundantly competent to manage an engine moving as that was, and that he was in the habit of so doing ; it was within the line of his ordinary employment.

Taking as a basis that negligence (on the part of either defendant or plaintiff) is never presumed, but is to be proved, it strikes me there is next to no proof that there was the least negligence on the part of the man on the engine. No one was *on* the track, for the engineer or fireman to *see them*, and either stop for or give the alarm ; and an engineer is not in law bound to have foreknowledge that a man or fool will see fit to step in front of the engine. The very faint suspicion that the bell did not ring, is all that saves the plaintiff's case from having *proved* the defendants' servants *not* negligent.

But how stands the case as to the deceased? He was in broad daylight on a space open for several hundred feet, having just been a passenger by one railroad train, walking between two railroad tracks, and very near one of them, and finally stepping on one of them directly in front of a locomotive, and not the least intimation is given that he ever pretended to look to the right or to the left, to see if a train was approaching him. His carelessness is proved beyond mistake or contradiction. This was the case when the plaintiffs rested, and the non-suit was moved. On the part of the defence, the testimony is altogether overwhelming that the bell was rung at the

distance of several hundred feet from where the accident occurred, and very continuously until the accident happened; and the competency of the man Anderson, to manage an engine so running, is fully shown, as well as all the circumstances to prove that it *was actually* under perfect control and properly run.

That in the abstract general way of speaking of things proper to be submitted to a jury, we so class the question of negligence, is perfectly true; and that it is a question more proper to be left to a jury than many other questions, there is no doubt. But where the testimony is clearly such as shows on the part of a plaintiff, negligence contributing to the injury, or as shows the absence of negligence on the part of the defendant, the case is one in which a verdict against the defendant ought to be set aside as against evidence, and one in which a non-suit should prevent the jury from rendering a verdict which must be set aside.

I think the motion for a new trial should be granted.